NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| OBADIAH TAYLOR, : | |
| : | Civil Action No. 13-5914(NLH) |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| ROBERT FILAURO, ESQ., : | |
| : | |
| Defendant. : | |

**APPEARANCES:**

Obadiah Taylor
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ  08104
    Plaintiff pro se

**HILLMAN,** District Judge

   Plaintiff Obadiah Taylor, a pre-trial detainee confined at Camden County Correctional Facility in Camden, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]

---

[1] This Court previously entered its Opinion and Order [2, 3] denying without prejudice Plaintiff's initial deficient application for leave to proceed in forma pauperis and administratively terminating this matter.  Plaintiff has submitted a new Application [4] and supporting Affidavit.  Based on his affidavit of indigence and the absence of three

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant).

I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and supplemental Affidavit [4] and are accepted as true for purposes of this review.

Plaintiff alleges that on December 13, 2007, he pleaded guilty, in the Cumberland County Superior Court, to conspiracy to commit murder and related charges.  Plaintiff contends that his attorney at the time he entered his plea, Robert Filauro, Esq., ("plea counsel") provided ineffective assistance, in violation of Plaintiff's constitutional rights.  Plaintiff has filed in state court a motion to withdraw his guilty plea, on grounds of ineffective assistance of counsel, and is presently awaiting action on that motion as well as sentencing.

---

qualifying dismissals within 28 U.S.C. § 1915(g), the Court will direct the Clerk of the Court to re-open this matter, will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and will direct the Clerk of the Court to file the Complaint.

Plaintiff seeks compensatory damages from his plea counsel; he also asks this Court to permit him to withdraw his plea.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... .  Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing

3

Twombly, 550 U.S. at 556).  Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps.  First, we outline the elements a plaintiff must plead to state a claim for relief.  Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth.  Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief."  This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34

4

(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, 519 F.App'x 118, 120 n.2 (3d Cir. 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### IV.   ANALYSIS

A.   The Claim for Damages

Plaintiff alleges that his plea counsel failed to provide

5

the effective assistance guaranteed by the Sixth Amendment. Plaintiff does not state whether his plea counsel was a public defender.

An attorney may be entitled to dismissal of a civil rights action on the ground that it fails to state a claim, because lawyers, typically, are not "state actors." "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981), cited in Coudriet v. Vardaro, 545 F.App'x 102-03 (3d Cir. 2013). Similarly, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. at 325. Moreover, court-appointed counsel, public defenders, and investigators employed by a public defender are absolutely immune from civil liability under § 1983 when acting within the scope of their professional duties. Black v. Bayer, 672 F.2d 309, 317 (3d Cir.), cert. denied, 459 U.S. 916 (1982), cited in Clark v. Vernon, 228 F.App'x 128, 131 (3d Cir.), cert. denied, 5552 U.S. 954 (2007). Thus, Plaintiff's claim against his plea counsel for damages for an alleged Sixth Amendment violation must be dismissed for failure to state a claim.

B.  <u>The Challenge to the Guilty Plea</u>

Plaintiff also asks this Court to "agree with him" that his plea counsel failed to provide constitutionally adequate assistance and that this Court permit him to withdraw his pending guilty plea.  In support of his claim, Plaintiff has supplied the Court with a copy of a January 9, 2012, letter brief in support of his pending state-court motion to withdraw his guilty plea.  (Affidavit [4], Attachment.)

It is not generally the role of the federal courts to interfere in pending state judicial proceedings.  A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  <u>Younger v. Harris</u>, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings).  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before <u>Younger</u> abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

<u>Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New</u>

York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).  Certainly, the pending state criminal proceedings are judicial in nature and implicate important state interests.  In addition, Plaintiff has failed to allege any facts suggesting that the state proceedings do not afford an adequate opportunity to raise federal claims related to those proceedings.  To the contrary, he has supplied a copy of a letter brief which reflects that he is now represented by new counsel who is pursuing in state court a motion to withdraw the guilty plea on the same grounds asserted here.  Accordingly, this Court will not interfere with Plaintiff's ongoing state criminal proceedings.  Cf. Bey v. Passaic Municipal Court, Civil Action No. 13-2653, 2013 WL 1949856 (D.N.J. May 9, 2013) (declining, under Younger and Port Auth. Police Benevolent Ass'n, to enjoin state criminal proceedings).

In addition, to the extent Plaintiff seeks a declaratory judgment that his Sixth Amendment were violated, see 28 U.S.C. § 2201 (Federal Declaratory Judgment Act), he is not entitled to such relief.  Where a state criminal prosecution has begun before initiation of a federal declaratory judgment action, equitable principles preclude the granting of declaratory relief that might disrupt state criminal proceedings except in very unusual circumstances, where the plaintiff has no adequate

8

remedy at law in the state criminal proceeding or where necessary to prevent immediate irreparable injury.  See Samuels v. Mackell, 401 U.S. 66 (1971); Younger v. Harris, 401 U.S. 37 (1971); Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989) (applied in Anthony v. Council, 316 F.3d 412 (3d Cir. 2003) (in which plaintiffs sought declaratory and injunctive relief related to state child support proceedings)).  Again, Plaintiff has alleged no facts that would justify the granting of declaratory relief that might interfere with his criminal proceedings.

Insofar as the ineffective assistance issue may arise later in a habeas proceeding, this Court expresses no opinion as to whether Plaintiff received constitutionally effective assistance from his plea counsel.

V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  It does not appear that Plaintiff could cure the defects of his Complaint by amendment.  An appropriate order follows.


At Camden, New Jersey                    s/Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated:  June 24, 2014

9